```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

JENNIFER LOONEY,                )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  11 C 5923
                                )
J.C. CHRISTENSEN & ASSOCIATES,  )
INC.,                           )
                                )
               Defendant.       )
```

MEMORANDUM ORDER

This action, brought by Jennifer Looney ("Looney") against J.C. Christensen & Associates, Inc. ("Christensen") under the Fair Debt Collection Practices Act ("Act"), was filed on August 25 of this year. In accordance with its regular practice, this Court promptly issued a scheduling order that in part set an initial status hearing for 9 a.m October 17.[1]

On September 22 Looney's counsel filed electronically a document captioned Notice of Settlement ("Notice") that "hereby informs the Court" of the parties' arrival at a settlement and "therefore requests that this honorable Court vacate all dates currently set on calendar for the present matter." But counsel, in direct violation of this District Court's LR 5.2(f) and of the boldface initial paragraph of this Court's website reinforcing

---

[1] That 49-day interval conforms to this Court's standard practice for newly-filed civil cases in which the federal government is not a party, both because the time interval is reasonable and because an exact multiple of seven assures the case's placement on a weekday status call.

that provision, never delivered a paper copy of that document (Dkt. 5) to this Court's chambers. That rendered false the Notice's statement that Looney's counsel "hereby informs the Court"--neither this Court nor its minute clerk is hard-wired to the electronic filing of documents, and it is certainly not our responsibility to police such filings. That of course is the fundamental reason for the delivery-to-chambers requirement.

What that meant was that when October 17 arrived this case was still on this Court's scheduled status hearing calendar. No one appeared when the case was called, and an attempt had to be made to reach the nonappearing counsel telephonically--an attempt that proved unsuccessful. Indeed, counsel's request in the Notice that sought the vacatur of all scheduled dates was heedless of the need for every judicial officer with a few hundred cases on his or her calendar to police the management of that calendar by leaving none of those cases without a next scheduled date--an essential requirement to keep cases from falling between the cracks.

In short, the entire conduct of Looney's counsel was not only non-LR-compliant but also discourteous to this Court in more than one respect. Moreover, this Court's minute clerk has advised that the law office that represents Looney and is a frequent filer of lawsuits under the Act is a repeat offender in the respects described here. Finally, when this Court's minute

clerk emailed Looney's counsel on October 17, after checking the docket and learning of the Notice, to ask whether the case could be dismissed in light of the announced settlement, her email was simply ignored--another discourtesy.

This Court's earlier-referred-to website has apprised members of the bar of what they ought to know in any event--the existence and the content of LR 5.2(f)--and has warned that a fine may be imposed for noncompliance. That has typically triggered fines of $100, but the more egregious situation described here calls for more severe treatment. Accordingly Looney's counsel is ordered to pay a fine of $200 to the Clerk of Court on or before October 28, 2011--and that fine is _not_ to be passed on to the client.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2011